UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROGER TAM,
ADA MEI LEI

Defendants.

CRIMINAL NO.   16-20118-01
16-20118-02

HONORABLE:
MARIANNE O. BATTANI

---

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

---

This Honorable Court has requested the parties brief whether a three-level

reduction is applicable to the defendants under USSG § 2L1.1(b)(1). For the reasons

stated below, the government agrees with the United States Probation Department's

determination that such a reduction is not warranted.

Section 2L1.1(b)(1) states:

"If (A) the offense was committed other than for profit, or the offense
involved the smuggling, transporting, or harboring only the defendant's
spouse or child (or both the defendant's spouse and child) and (B) the base
offense level is determined under subsection (a)(3), decrease by **3**
levels."

The Application Note to 2L1.1(b)(1) provides further explanation:

"**The offense was committed other than for profit**" means that there was no
payment or expectation of payment for the smuggling, transporting or

harboring of any of the unlawful aliens"

Because the defendants' base offense level was determined under USSG § 2L1.1(a)(3), the only relevant inquiry is whether the offense was committed 'other than for profit'.

On February 1, 2017, before this Court, both defendants pled guilty to five counts of Harboring Illegal Aliens for the purpose of commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and one count of Conspiracy to Harbor Illegal Aliens for the purpose of commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). During their respective plea colloquies, both defendants acknowledged receiving a commercial advantage and financial gain at their restaurant, Kim's Garden.

The burden is on the defendants to demonstrate that § 2L1.1(b)(1) is applicable to them and that their offense levels should therefore be reduced. *United States v. Rodriguez*, 898 F.2d 1031, 1032 (6th Cir. 1990). See also - *United States v. Zaldivar*, 615 F. 3d 1346, 1352 (11th Cir. 2010).

In *United States v. Chen*, 359 Fed. Appx. 613 (2009), the Sixth Circuit affirmed the district court's denial of a three-level reduction under USSG §2L1.1(b)(1). In *Chen*, the defendant harbored an illegal alien in the basement of his home. This individual was also working for the defendant at his restaurant. The defendant argued that he deserved a §2L1.1(b)(1) reduction because the harboring

was "done to run the business", not for profit or motivation. "[T]he district court found that the record demonstrated that the harboring was done to facilitate low-cost employment and that no evidence was presented that the employees had paid rent. The district court thus concluded that "it's fair for the Court to infer ... that part of the compensation package was the provision of room and board and that to me is sufficient to qualify for it being related to a profitable enterprise." *Id*. at 616. A similar inference can be made in this case.

The defendants may argue that this Court should apply the §2L1.1(b)(1) reduction because there was no direct payment or expectation of direct payment. The United States readily concedes there is no evidence that the harbored aliens directly handed money to the defendants. Nonetheless, the defendants were indirectly compensated in the form of tax-free, low-wage labor for their business. "Compensation is payment, and whether in specie or in some other form does not matter". *United States v. Perez-Ruiz*, 169 F.3d 1075, 1076 (7th Cir. 1999). To illustrate indirect compensation, consider an employer who pays for their employees monthly parking costs. The employer is clearly providing a form of compensation to the employees without making a direct payment. Likewise, the defendants here are not receiving money directly from the harbored aliens. However, by harboring these individuals to facilitate low-cost employment, the defendants realize a larger profit from their restaurant, and in turn an increased personal profit.

As such, a three-level reduction under USSG § 2L1.1(b)(1) is not appropriate.

Respectfully submitted,

DANIEL L. LEMISCH
ACTING UNITED STATES ATTORNEY

s/Timothy P. McDonald
Special Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
timothy.mcdonald@usdoj.gov
(313) 226-0221

Dated: January 2, 2018

## CERTIFICATE OF SERVICE

I hereby certify that, an employee of the United States Attorney's Office electronically mailed the foregoing document to Raymond A. Cassar, Arthur J. Weiss and Chelsea Rebeck, attorneys for defendant.

s/Timothy P. McDonald
Special Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
timothy.mcdonald@usdoj.gov
(313) 226-0221